UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANGEL MARTINEZ
a/k/a Ace

    Defendant.

Criminal Case No. 15-cr-30034-MGM

MEMORANDUM AND ORDER DENYING THE GOVERNMENT'S
MOTION FOR PRE-TRIAL DETENTION

    The defendant Angel Martinez ("the Defendant") is charged in a single count indictment with distribution and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841. The government has moved for pre-trial detention of the Defendant. On April 12 and 17, 2017, the court held an evidentiary hearing on the government's motion. The government alleged, and the grand jury found probable cause to believe, that the defendant knowingly and intentionally distributed cocaine to a confidential informant on or about May 19, 2015. The government has invoked the presumption of detention set forth in 18 U.S.C. § 3141(e)(3)(A), which applies when a defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

    The factors to be considered in determining whether to release or detain a defendant pending trial are set forth in 18 U.S.C. § 3142(g), and include the nature and circumstance of the offense charged; the weight of the evidence as to guilt; the history and characteristics of the

1

accused, including family ties, history relating to drug or alcohol abuse, criminal history, record concerning appearances at court proceedings, financial resources and employment; and the nature and seriousness of the danger to any person or the community that would be posed by a release. *See* 18 U.S.C. § 3142(g).

As to the nature and circumstances of the crime charged, defendant is charged with a single count of distribution of cocaine. He does not have a prior history of convictions for drug distribution. The government's case is based on a single alleged transaction with a confidential source, which was recorded. The evidence that the Defendant committed this offense is, therefore, strong. Under the sentencing guidelines, he is facing a likely sentence of between two to three years.

In terms of Defendant's personal characteristics, he receives social security disability benefits and apparently does not have a history of employment. He had been living in Tampa, Florida for around 18 months when he was arrested, and he proposes to live in Tampa if he is released pending trial. He has a place to live there and the potential of part time employment that would not disqualify him from receiving social security disability benefits. He tested positive for the use of cocaine and marijuana following his arrest but there is no evidence that he has been involved in the distribution of narcotics in Tampa. His family ties are in Springfield, Massachusetts, not in Florida. He maintains contact with his father in Springfield, but cannot stay with him other than as a temporary guest because the father lives in Section 8 housing.

The government argues that the Defendant poses a risk of non-appearance based on his history of default warrants and the distance from Tampa to Springfield. The court finds that the Defendant has rebutted the presumption of a risk of non-appearance, and that the government has failed to carry its burden of persuasion by a preponderance of the evidence that there are no

conditions of release that will reasonably assure the Defendant's appearance in court as required. The default warrants are mainly from the Springfield District Court. Many of them are remote in time, and there was no evidence to put the warrants in context. The government did not present evidence showing that the Defendant was aware of and seeking to evade arrest on this indictment, which was sealed until his arrest, when he moved to Tampa. There is currently a warrant against him that was issued by the Springfield District Court in or around the time he left Springfield for Tampa (July 2015) but there was no conclusive evidence that he was aware of that warrant, and was fleeing prosecution when he went to Florida. The Defendant's evidence showed that he notified the Social Security Administration of his address in Tampa, and, notwithstanding some confusion on the part of the Pretrial and Probation Office in Tampa, that he provided accurate information about his living arrangement in Tampa when he was arrested. Under the guidelines calculation, he faces a relatively short sentence in this case that would not give him an incentive to flee and, so far as appears from the evidence, he lacks financial resources to do so. The court finds that the conditions set forth in the attached order will reasonably assure the Defendant's future appearances in this court on this indictment.

The government presses with most force its contention that there are no conditions of supervised release that will assure the safety of the community and the woman with whom the Defendant has a close personal relationship if he is released pending trial. The government's evidence established that the Defendant has convictions for serious offenses involving violence against other persons, that eight (8) women obtained restraining order against him between April 1998 and October 2014, and that a woman who had not taken out a restraining order, but with whom he had had an intimate relationship, called the police and accused him of assaulting her in

3

July 2015.  Thus, the government's evidence established a history of assaultive conduct by the Defendant, much of it against women, that extended through July 2015.

The Defendant's rebuttal evidence established that in Tampa, the Defendant has had a close relationship with Lisette Gonzalez for approximately eighteen (18) months and lived with her and her teenage son for approximately a year.  Ms. Gonzalez, who testified at the detention hearing by videoconference and was a credible witness, stated that there has been no violence in her relationship with the Defendant and that he tries to be a positive influence for her teenaged son.  She is prepared to have him live in her apartment, to serve as his custodian, and to sign an unsecured bond on his behalf.  She understands that his location would be subject to electronic location monitoring and that equipment would need to be installed for this purpose.  According to the Probation and Pretrial Services report, Ms. Gonzalez has no criminal record.  Ms. Gonzalez testified that the Defendant does not have a wide circle of acquaintances in Tampa, and that he spends his time primarily in her company and with members of her immediate family.  The Defendant's past criminal conduct and associations and his violent relationships with women have been in Springfield.  So far as appears from the evidence, the Defendant has not had any contact with law enforcement for any potential criminal offenses during the last eighteen months while he has lived in Tampa.

Notwithstanding the presumption, *see* 18 U.S.C. § 3142(e)(3), the court concludes that the evidence tendered by the Defendant is sufficient to rebut the presumption and that the government has not shown by clear and convincing evidence that that no condition or combination of conditions of release will reasonably ensure the safety of any other person or the community if he is released to reside in Tampa on stringent conditions pending trial.

A form of conditions of release for the Defendant is attached hereto as exhibit 1. The United States Marshal is ordered to keep the Defendant in custody until an unsecured bond is posted and all other conditions of release are satisfied.

/s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

Dated: April 19, 2017